IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 0 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02075-BNB

GEORGE D. BROCHES,

    Applicant,

v.

HARLEY LAPPIN, and
WARDEN RENE GARCIA,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant, George D. Broches, is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution at Englewood, Colorado. Mr. Broches initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1). On September 3, 2010, Mr. Broches filed an amended application for a writ of habeas corpus (Doc. #3), and on October 28, 2010, he filed a second amended application for a writ of habeas corpus (Doc. #5). On October 29, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondents intend to raise that defense in this action. On November 5, 2010, Respondents filed a Preliminary Response (Doc. #11) arguing that this action should be dismissed for failure to exhaust administrative remedies. On December 2, 2010, Mr. Broches filed a document titled "Plaintiffs [sic] Motion for an Injunction Temporary Restraining Order, Order to Hold in

Abeyance the Habeas Corpus Petition. or Motion for Summary Judgment" (Doc. #13) in which he responded to the exhaustion arguments raised by Respondents in their Preliminary Response. The Court will construe the document filed by Mr. Broches on December 2 as a reply to the Preliminary Response. On December 6, 2010, Respondents filed a supplement to their Preliminary Response (Doc. #14).

The Court must construe the second amended application and other papers filed by Mr. Broches liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Broches raises a number of issues in the second amended application, all of which stem from an alleged campaign of retaliation against him by BOP officials that began while he was housed at a prison camp in Oxford, Wisconsin. Mr. Broches asserts that, although BOP officials had signed a contract in February 2010 that authorized his transfer to a prison camp in South Dakota so that he could participate in a residential drug abuse treatment program and earn a sentence reduction pursuant to 18 U.S.C. § 3621(e), he was placed in segregation on March 24, 2010, and his transfer to the South Dakota prison camp was revoked. Mr. Broches further asserts that his personal and legal property was confiscated and destroyed and that he was subjected to "diesel therapy" through a series of transfers that resulted in his placement at the Englewood prison in which he currently is housed. The campaign of retaliation alleged also includes the refusal to consider Mr. Broches for placement in a halfway house and housing him in a facility more than 500 miles from his release residence, which prevents

his family from visiting him. Mr. Broches contends that BOP officials are retaliating against him because of his participation in litigation against prison officials while he was incarcerated in Wisconsin. As relief Mr. Broches asks to be transferred to the South Dakota prison camp in accordance with the signed contract, or to a prison camp in Minnesota, in order to participate in a residential drug abuse treatment program and to be eligible for a sentence reduction. Mr. Broches also asks to be approved for placement at a halfway house for twelve months prior to his release.

Respondents argue that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Broches. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. **See** 28 C.F.R. §§ 542.13 - 542.15. An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response

3

at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id*.

The BOP does not track an inmate's attempts at informal resolution, but it does track formal administrative remedy requests. According to Respondents, Mr. Broches has filed formal administrative remedy requests seeking placement at a halfway house and requesting a transfer to the South Dakota prison camp. However, Respondents argue that Mr. Broches has failed to exhaust administrative remedies for any claims he may be raising in this action because he has not completed the administrative remedy procedure with respect to any of the formal administrative remedy requests he has filed.

Mr. Broches alleges in the second amended application that he has exhausted administrative remedies. However, the documents attached to the second amended application do not demonstrate that Mr. Broches completed the BOP administrative remedy procedure for his claims. Mr. Broches does attach to the second amended application a Central Office administrative remedy appeal dated August 18, 2010, that relates to his request for placement in a halfway house. (*See* Doc. #5 at p.24.) According to Respondents, Mr. Broches filed a Central Office administrative remedy appeal regarding placement in a halfway house that was received on September 16, 2010. It is not clear whether the Central Office administrative remedy appeal Mr. Broches submitted on August 18, 2010, is the same Central Office administrative

4

remedy appeal received by the BOP on September 16, 2010, because the copy submitted by Mr. Broches does not include a BOP case number. In any event, because the Central Office has forty days to respond to an appeal, *see* 28 C.F.R. § 542.18, the Central Office administrative remedy appeal Mr. Broches submitted on August 18 does not demonstrate that he exhausted administrative remedies prior to filing the instant action on August 27, 2010.[1] *See Williams*, 792 F.2d at 987.

Mr. Broches also argues in his reply to the Preliminary Response that he has exhausted administrative remedies. However, he fails to describe with particularity how he has exhausted administrative remedies for each of the claims he is raising. Instead, he asserts in conclusory fashion that:

> This plaintiff does aver and swear under penalty of perjury that he has previously filed all of the proper and timely administrative remedy requests and the appeals thereof, yet the B.O.P. as a routine practice does reject, deny, or not process said requests as a malicious, capricious, and deliberate effort to discourage and deny this plaintiff from seeking access to the courts and due process and equal protection under the laws as proscribed by and as entitled to by the 5th and 14th Amendments to the U.S. and Federal Constitutions.

(Doc. #13 at p.2, ¶3.)

It is not clear why Mr. Broches believes the rejection and denial of his administrative remedy requests and appeals violates his constitutional rights or demonstrates that administrative remedies are exhausted because a rejection or denial

---

[1] According to Respondents, the Central Office administrative remedy appeal from Mr. Broches that was received on September 16 was rejected because Mr. Broches had not sought relief at either the institution level or the regional level prior to filing with the Central Office. *See* 28 C.F.R. § 542.15(b)(2) ("[a]n inmate may not raise in an Appeal issues not raised in the lower level filings"). As a result, Respondents assert that Mr. Broches cannot demonstrate administrative remedies are exhausted for any claim raised in that appeal.

allows an inmate to proceed to the next step of the administrative remedy procedure. Similarly, a failure by BOP officials to process administrative remedy requests or appeals would not prevent an inmate from exhausting administrative remedies because an inmate may proceed to the next step in the administrative remedy procedure if he does not receive a response within the time allowed. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

Mr. Broches also attaches to his reply filed on December 2 copies of a number of administrative remedy requests and appeals that he apparently contends are relevant to the claims he is raising in this action. The attached documents include the following: an informal resolution request submitted by Mr. Broches that is dated August 13, 2010 (Doc. #13 at p.10); the BOP's August 17, 2010 response to an informal resolution request (Doc. #13 at p.9); the BOP's November 5, 2010 response to a formal administrative remedy request dated October 19 in BOP case number 612554-F2 (Doc. #13 at p.11); a regional appeal filed by Mr. Broches on November 8, 2010 (Doc. #13 at p.12); the BOP's August 4, 2010 response to a regional appeal filed by Mr. Broches in BOP case number 595680-R1 (Doc. #13 at p.13); a Central Office appeal filed by Mr. Broches on November 23, 2010, allegedly in BOP case number 595680 (Doc. #13 at p.15); and another copy of the August 18, 2010 Central Office administrative remedy appeal filed Mr. Broches discussed previously (Doc. #13 at p.16). As noted above, however, Mr. Broches filed the instant action on August 27, 2010. As a result, none of the documents submitted by Mr. Broches with his reply filed on December 2

demonstrate that he exhausted administrative remedies prior to commencing this action as required. *See Williams*, 792 F.2d at 987. In fact, even assuming the Central Office appeal Mr. Broches filed on November 23 was properly filed in accordance with the BOP administrative remedy procedure, that document alone does not demonstrate that administrative remedies are exhausted because the Central Office has forty days to respond to a national appeal. *See* 28 C.F.R. § 542.18.

Mr. Broches also appears to argue that it would be futile to exhaust administrative remedies because the BOP has not responded to various administrative remedy requests and appeals he has filed and because his case manager told him he will not receive a response to any further filings regarding a transfer and placement in a halfway house. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Broches fails to convince the Court that exhaustion of administrative remedies would be futile.

"[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust." *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005). Furthermore, even assuming Mr. Broches did not receive a response to an administrative remedy request or appeal within the time allowed, that circumstance would not excuse his failure to complete the administrative remedy procedure. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of

7

a response to be a denial at that level.").

Mr. Broches has failed to exhaust administrative remedies for the claims he is raising in this action and has failed to demonstrate that exhaustion of administrative remedies would be futile or should be excused. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this  9th  day of     December    , 2010.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02075-BNB

George D. Broches
Reg No. 12671-424
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 10, 2010

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk